JAP:JPL
F.#2014R01339

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

    - against -

ASIF ALI and
JEFFREY EVAGUES,

          Defendants.

– – – – – – – – – – – – – –X

14-917 M

TO BE FILED UNDER SEAL

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANTS

(T. 18, U.S.C. § 641)

EASTERN DISTRICT OF NEW YORK, SS:

      ROBERT J. STANEK, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Transportation, Office of Inspector General ("USDOT-OIG"), duly appointed according to law and acting as such.

      Upon information and belief, on or about and between September 2011 and October 2014, within the Eastern District of New York, the defendants ASIF ALI and JEFFREY EVAGUES did knowingly and willfully steal and convert to their own use things of value of the United States, to wit: employee payroll and benefits payments from the United States Department of Transportation, Federal Aviation Administration, the value of which exceeded $1000.

      (Title 18, United States Code, Section 641)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.  I have been a Special Agent of the USDOT-OIG for more than thirteen years. During that time, I have personally participated in numerous investigations and arrests related to various types of theft and fraud against the United States. Among other federal crimes, I have investigated offenses involving theft, mail and wire fraud, bribery and money laundering. As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities.

2.  In addition to my training and experience, I am familiar with the information contained in this complaint and affidavit based upon (i) my own personal participation in the investigation, (ii) my review of documents, (iii) interviews of witnesses, and (iv) discussions with other law enforcement personnel.

3.  The Federal Aviation Administration ("FAA") is an agency within the United States Department of Transportation with authority to regulate and oversee all aspects of American civil aviation.

4.  The defendants ASIF ALI and JEFFREY EVAGUES are air traffic controllers for the FAA and have been employed as such since approximately May 1998 and March 1987, respectively. ALI and EVAGUES are currently assigned to the air traffic control tower at John F. Kennedy International Airport ("JFK"), located in Queens, New

---

[1] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware. In addition, where I rely on statements made by others, such statements are set forth in part and in substance unless otherwise indicated.

2

York.  ALI has been assigned to JFK since approximately June 2009.  EVAGUES has been assigned to JFK since approximately September 2002.

5.    As FAA air traffic controllers, the defendants ALI and EVAGUES are subject to various USDOT rules and regulations.  One such rule and regulation requires that each time either ALI or EVAGUES control air traffic at JFK he must sign in to and out of the JFK air traffic control tower.  In general, air traffic controllers who are actively controlling air traffic from a control tower are referred to as being "on position."

6.    As with other air traffic controllers, the amount of time that ALI and EVAGUES spend on position is closely monitored, recorded and documented by the FAA.  Specifically, the FAA records the amount of time that each air traffic controller spends on position and which position they were assigned to into FAA position logs.  At the end of each control tower shift, the position log is certified to by a shift supervisor.

7.    Time and attendance records for air traffic controllers, including ALI and EVAGUES, are reported to a labor distribution reporting system accessed via the software program suite Cru-X.  These labor distribution reports include, among other things, the amount of time that air traffic controllers spend on position, working overtime, out on sick leave, or out on annual leave (i.e., vacation or personal time).  On a routine basis, the labor distribution reports are certified and the information is transmitted to the FAA's payroll processing center, located in Oklahoma City, Oklahoma.  FAA employees, including ALI and EVAGUES, are then paid based upon the information as reported in the labor distribution reports and Cru-X.

8.    I have reviewed FAA employee payroll records for ALI and EVAGUES.  These records revealed that the defendants ALI and EVAGUES are each paid

3

via direct deposit on a bi-weekly basis. ALI is paid via direct deposit to a bank account maintained by Citibank. EVAGUES is paid via direct deposit to a bank account maintained by Suffolk County National Bank.

9. Based upon a review of records maintained by the FAA including position logs, labor distribution reports, payroll records, and Cru-X reports, among other things, this investigation has revealed that the defendants ASIF ALI and JEFFREY EVAGUES modified their labor distribution reports via the Cru-X system to appear as if that they were working on position, overtime, or otherwise when, in fact, they were not. To date, the investigation has revealed more than 300 instances among ALI and EVAGUES, from in or about and between approximately September 2011 and October 2014, where this conduct, or a similar pattern of conduct, appears to have occurred. As a result, ALI and EVAGUES received payroll and benefits payments from the FAA to which they were not entitled.

### ASIF ALI

10. With respect to the defendant ASIF ALI, for example:

a. On September 8, 2014, ALI was scheduled to have a regular day off. However, on September 21, 2014 at approximately 2:15 p.m. an entry was made into the Cru-X system indicating that ALI worked 10 hours of overtime on September 8, 2014, from 12:30 p.m. to 10:30 p.m. FAA records including position logs confirm that ALI did not work on that day. In addition, a review of historical cell phone call data for the telephone number (***) ***-3701, a number registered to ALI at his home address, revealed that 5 telephone calls were placed or received by that number from within the vicinity of Farmingdale, New York and West Nyack, New York, approximately 20 miles and 40 miles from JFK, respectively, during the time when

ALI was purportedly working overtime. FAA payroll records confirm that ALI was paid approximately $990.20 for these 10 hours of unworked overtime.

    b.  On September 18, 2014, ALI was on sick leave. However, on September 21, 2014, at approximately 1:39 p.m. an entry was made into the Cru-X system indicating that ALI worked 8 hours on September 18, 2014, from 12:30 p.m. to 8:30 p.m. FAA records including position logs confirm that ALI did not work on that day. FAA payroll records confirm that no sick leave was charged to ALI for September 18, 2014. The value of 8 hours of regular time for that day is approximately $515.20.

    c.  On October 10 and 11, 2014, ALI was scheduled to be on annual leave. However, on October 12, 2014, beginning at approximately 6:00 a.m. a user with the username "asif m ali" deleted these annual leave entries from Cru-X and made new entries to indicate that ALI worked 8 hours on both days. Specifically, on October 12, 2014, at approximately 6:02 a.m., entries were made into the Cru-X system indicating that ALI worked from 12:30 p.m. to 8:30 p.m. on October 10, 2014, and from 5:30 a.m. to 1:30 p.m. on October 11, 2014. Additionally, as described below, also on October 12, 2014, at approximately 6:05 a.m., user "asif m ali" also modified Cru-X entries to reverse sick leave for EVAGUES. These changes to the Cru-X system were made from computer "JJFKTTW00053337," which is located within the JFK air traffic control tower break room on the 16th floor (the "JFK Break Room").[2] FAA records including position logs confirm that ALI did not work on

---

[2] Computer "JJFKTTW00053337" is the only computer located within the JFK Break Room.

5

October 10 or 11, 2014. FAA payroll records confirm that no annual leave was charged to ALI for October 10 or 11, 2014. The value of these two unworked days is approximately $1,030.40.

11.    The value of payments paid by the FAA to the defendant ASIF ALI, between approximately September 2011 and October 2014, for time that he did not actually work or for benefits to which he was not entitled or did not accrue is at least approximately $83,000.

## JEFFREY EVAGUES

12.    With respect to the defendant JEFFREY EVAGUES, for example:

a.    On February 9, 2014, EVAGUES was scheduled for annual leave. However, on February 22, 2014 at approximately 12:18 p.m., an entry was made into the Cru-X system indicating that EVAGUES worked 8 hours on February 9, 2014, from 5:30 a.m. to 1:30 p.m. FAA records including position logs confirm that EVAGUES did not work on that day. In addition, a review of historical cell phone call data for the telephone number (***) ***-7722, a number registered to EVAGUES at his home address, revealed that 2 telephone calls were placed or received by that number from within the vicinity of Mililani, Hawaii, approximately 4,900 miles from JFK, during the time when EVAGUES was purportedly working.[3] FAA payroll records confirm that no annual leave was charged to EVAGUES for February 9, 2014. The value of these 8 hours of regular time for that day is approximately $578.16.

---

[3] The cell phone call data indicates that EVAGUES was in Hawaii from approximately February 9, 2014 to February 15, 2014.

     b. On August 13, 2014, EVAGUES was on sick leave. However, during that evening at approximately 10:49 p.m. an entry was made into the Cru-X system indicating that EVAGUES worked 8 hours on that date, from 2:30 p.m. to 10:30 p.m. This entry was made from the JFK Break Room computer. A review of closed circuit security camera footage revealed that ALI entered the JFK Break Room at approximately 10:49 p.m. and exited the JFK Break Room at approximately 10:54 p.m. There is only one way into and out of the JFK Break Room and no one (other than ALI) was captured entering or exiting the room within that general time period. FAA records including position logs confirm that EVAGUES did not work on August 13, 2014. FAA payroll records confirm that no sick leave was charged to EVAGUES for August 13, 2014. The value of 8 hours of regular time for that day is approximately $587.36.

     c. On October 6, 2014, EVAGUES was scheduled for a regular day off. However, on October 8, 2014, at approximately 2:23 p.m. an entry was made into the Cru-X system indicating that EVAGUES worked 9 hours of overtime on October 6, 2014, from 2:30 p.m. to 11:30 p.m. A review of closed circuit security camera footage from October 8, 2014 revealed that EVAGUES entered the JFK Break Room at approximately 2:21 p.m (approximately 2 minutes prior to when the Cru-X entry was made). FAA records including position logs confirm that EVAGUES did not work on October 6, 2014. FAA payroll records confirm that EVAGUES was paid approximately $991.17 for the 9 hours of overtime for October 6, 2014.

        d.      On October 11, 2014, EVAGUES was on sick leave. As noted above, on October 12, 2014, at approximately 6:05 a.m., from the JFK Break Room computer, the user "asif m ali" deleted this sick leave entry from the Cru-X system for EVAGUES and made a new entry into the system indicating that EVAGUES worked 8 hours on October 11, 2014, from 5:30 a.m. to 1:30 p.m.. FAA records including position logs confirm that EVAGUES did not work on October 11, 2014. FAA payroll records confirm that no sick leave was charged to EVAGUES for October 11, 2014. The value of 8 hours of regular time for that day is approximately $587.36.

        13.      The value of payments paid by the FAA to the defendant JEFFREY EVAGUES, between approximately September 2011 and October 2014, for time that he did not actually work or for benefits to which he was not entitled or did not accrue is at least approximately $87,000.

        14.      Because public filing of this document could result in a risk of flight by the defendants, as well as jeopardize the government's investigation, your deponent respectfully requests that this complaint, as well as any arrest warrants issued in connection with this complaint, be filed under seal.

        WHEREFORE, your deponent respectfully requests that arrest warrants be issued for the defendants ASIF ALI and JEFFREY EVAGUES so that they may be dealt with according to law.

   IT IS FURTHER REQUESTED that all papers submitted in support of this application, including the complaint and arrest war rants, be sealed until further order of the Court.

                 S/ Robert Stanek

                 _____
                 ROBERT J. STANEK
                 Special Agent
                 U.S. Department of Transportation
                 Office of Inspector General

Sworn to before me this
28th day of October, 2014

  S/ Cheryl   Pollak

_____
THE HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK